IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12CV691

REED PROPERTIES, LLC,           )
                                )
    Plaintiff,                  )
                                )
vs.                             )    ORDER
                                )
COCENTRA HEALTH SERVICES,       )
INC. and COCENTRA INC.,         )
                                )
    Defendants.                 )
_____)

This matter is before the Court upon the Defendants' Motion to Exclude Testimony and Reports of John McNamara (Doc. No. 19). The Court has extensively reviewed the briefs and exhibits in the matter.

This case involves a dispute between a landlord and tenant over who is liable for extensive mold damage in the leased building. Plaintiff has identified McNamara as a putative mold expert to render an opinion as to the cause of the mold discovered in the building.

Expert testimony is admissible under Rule 702 of the Federal Rules of Evidence if it involves scientific, technical, or specialized knowledge that will assist the trier of fact to understand the evidence or determine a fact in issue. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589-92 (1993); *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147-49, 152 (1999). Specifically, Rule 702 provides that:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;

1

(c) the testimony is the product of reliable principles and methods; and
(d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. The Court is to serve as a "gatekeeper" to "ensure [both] the reliability and relevancy of expert testimony." *Kumho Tire*, 526 U.S. at 152 (citing, *Daubert,* 509 U.S. at 597). To discharge this gatekeeping responsibility, the Court must confirm it has "assess[ed] the reasoning and methodology underlying the expert's opinion" and "determin[ed] whether it is scientifically valid and applicable." *Goebel v. Denver and Rio Grande Western R.R. Co.,* 215 F.3d 1083, 1087 (10th Cir. 2000). The proponent of expert testimony has the burden to "establish its admissibility by a preponderance of proof." *Cooper v. Smith & Nephew, Inc.*, 259 F.3d 194, 199 (4th Cir. 2001).

"The witness' qualification to render an expert opinion are [] liberally judged by Rule 702" where "[t]he test for exclusion is a strict one." *Kopf v. Skyrm*, 993 F.2d 374, 377 (4th Cir. 1993) (holding that testimony from expert is presumed to be helpful unless it concerns matters within everyday knowledge and experience of lay juror). Moreover, the inquiry into the reliability of an expert's methodology must be flexible and case-specific. *Maryland Cas. Co. v. Therm-O-Disc, Inc.*, 137 F.3d 780, 784-85 (4th Cir. 1998).

In applying *Daubert,* a court evaluates the methodology or reasoning that the proffered scientific or technical expert uses to reach his conclusion; the court does not evaluate the conclusion itself. *See Freeman v. Case Corp.,* 118 F.3d 1011, 1016 n. 6 (4th Cir. 1997). Thus, an expert's testimony is admissible under Rule 702 if it "rests on a reliable foundation and is relevant," *Kumho Tire Co.*, 526 U.S. at 141 (internal quotation marks and citation omitted), and falls outside the common knowledge of the jury, *see United States v. Dorsey,* 45 F.3d 809, 815 (4th Cir. 1995).

When evaluating expert testimony, courts must engage in a multi-part inquiry. *Daubert,* 509 U.S. at 591. First, the trial judge must assess whether the proposed expert

testimony consists of "scientific knowledge." *Id*. at 590. An expert's testimony must be "ground[ed] in the methods and procedures of science" and "supported by appropriate validation—i.e., 'good grounds,' based on what is known." *Daubert*, 509 U.S. at 590. Second, the judge must determine that the testimony will "assist the trier of fact." *Id*. at 591. This analysis focuses on "fit"—whether the testimony is relevant to an issue in the case. *Id.* Finally, the trial court must also weigh the possible prejudice of the testimony against its probative force under Rule 403. *United States v. Dorsey*, 45 F.3d 809, 815-16 (4th Cir. 1995).

Here, the Defendants argue that McNamara's testimony should be excluded under *Daubert* and its progeny because his opinions are not based on sufficient facts or data and not based on a reliable methodology. However, the Court has reviewed McNamara's report and deposition testimony and concludes that his opinion satisfies all the *Daubert* factors. The substance of Defendant's objections, while undoubtedly material for vigorous cross-examination, do not render McNamara's opinion inadmissible.

IT IS THEREFORE ORDERED that Defendants' Motion to Exclude Testimony and Reports of John McNamara (Doc. No. 19) is hereby DENIED.

Signed: April 4, 2014

Graham C. Mullen
United States District Judge