IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12CV691

| | | |
|---|---|---|
| REED PROPERTIES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| CONCENTRA HEALTH SERVICES, | ) | |
| INC. and CONCENTRA INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court upon the Defendants' Motion for Summary Judgment (Doc. No. 17), and Plaintiff's Motion for Summary Judgment on Affirmative Defenses (Doc. No. 23). The Court has extensively reviewed the briefs and exhibits submitted by the parties.

This case involves a dispute between a landlord and tenant over who is liable for extensive mold damage in the leased building. Defendants Concentra Health Services, Inc. and Concentra Inc. ("Concentra") entered into a two year commercial lease with landlord Reed Properties, LLC ("Reed Properties"). Plaintiff Reed Properties seeks costs to remediate and repair mold damage discovered after the expiration of the lease term. Plaintiff also seeks damages for lost rent, as well as its attorneys' fees.

Concentra first asserts that summary judgment should be granted in its favor because Reed Properties cannot offer any competent evidence that Concentra's alleged negligence caused the mold. Concentra's argument is based upon its effort to exclude the testimony of Plaintiff's expert, John McNamara, under *Daubert*. The Court has already

1

denied Defendants' motion to exclude Mr. McNamara's testimony and reports (Doc. No. 43). Accordingly, the Court finds that there is a genuine issue of material fact as to causation.

Concentra next argues that even if causation can be demonstrated, the Court should find as a matter of law that Reed Properties failed to mitigate its damages by waiting nearly three years to take any steps to get the building into a marketable condition. Under North Carolina law, it is well settled that "the nonbreaching party to a lease contract has a duty to mitigate his damages upon breach of such contract." *Isbey v. Crews*, 55 N.C. App. 47, 51, 284 S.E.2d 534, 537 (1981); *Damare v. Barwick & Assocs., LLC*, Civ. No. 3:05-cv-128, 2008 WL 686218, *3 (W.D.N.C. Mar. 7, 2008) (applying North Carolina law). However, the "reasonableness of [the Plaintiff's] mitigation efforts 'depends on the circumstances of the particular case and is a jury question except in the clearest of cases.'" *Team Gordon, Inc. v. Fruit of the Loom, Inc.*, Civ. No. 3:06cv201, 2009 WL 426555 *6 (W.D.N.C. Feb. 19, 2009) (quoting *Radford v. Norris*, 63 N.C. App. 501, 305 S.E.2d 64, 65 (1983)). Considering the evidence in the light most favorable to Plaintiff, there is a genuine issue of material fact as to whether Reed Properties' mitigation efforts were reasonable.

Lastly, Concentra argues that Reed Properties' request for attorneys' fees fails as a matter of law. Under North Carolina law, a prevailing party can recover attorneys' fees only if expressly permitted by statute. *Stillwell Enterprises, Inc. v. Interstate Equip. Co.*, 300 N.C. 286, 289, 266 S.E.2d 812, 814 (1980). Here, Reed Properties apparently seeks the recovery of attorneys' fees under N.C. Gen. Stat. §§ 6-21.2. (Reed Properties' Resp. to Defs. First Set of Interr. No. 11.). N.C. Gen. Stat. § 6-21.2(2) provides that where "conditional sale contract or other evidence of indebtedness provides for the payment of reasonable attorneys' fees by

the debtor, without specifying any specific percentage, such provision shall be construed to mean fifteen percent (15%) of the "outstanding balance" owing on said note, contract or other evidence of indebtedness." Thus, a party may only recover attorneys' fees as a percentage of an "outstanding balance." Here, the damages Reed Properties seeks are unliquidated and consequential. As it is undisputed that Concentra paid fully all rents owing during the term of the Lease, this is not a lawsuit to enforce a debt, or a sum certain. The types of damages sought by Plaintiff do not constitute an "outstanding balance" to which the 15% fee percentage can be applied.

Plaintiff seeks to avoid the clear language of N.C. Gen. Stat. §§ 6-21.2 by arguing that Texas law should apply to its request for attorneys' fees as Texas was the state where the contract was formed. However, the Lease is governed by North Carolina law pursuant to its choice-of-law provision. Specifically, Plaintiff asserts that the Court should invoke the Lease's severability clause to sever the North Carolina choice-of-law provision since North Carolina law is "preventing" application of the attorneys' fee provision. While creative, Plaintiff's argument is simply not supported by the provisions of the Lease or any case law. Accordingly, Plaintiff's request for attorneys' fees fails as a matter of law.

Reed Properties argues that it is entitled to summary judgment on all Concentra's affirmative defenses except its failure to mitigate defense. Plaintiff's motion lacks legal and factual support. The Court finds that genuine issues of material fact exist as to each of Concentra's defenses.

IT IS THEREFORE ORDERED that Defendants' Motion for Summary Judgment is DENIED except as to Plaintiff's request for attorneys' fees; and

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment on Affirmative Defenses is hereby DENIED.

Signed: April 16, 2014

Graham C. Mullen
United States District Judge